## CARMEL LEPERI
### vs.
## CATELLO ESPOSITO

Superior Court      New Haven County      File #53096

MEMORANDUM FILED MAY 3, 1938.

Herbert Levine, of New Haven; Samuel H. Platcow, of New Haven, for the Plaintiff.

Julius B. Schatz, of Hartford, for the Defendant.

WYNNE, J. The Court is convinced that the premises where the plaintiff fell is a tenement house within the defini-

tion of the statute. This disposes of the question of the re-taining of control of the stairway where she fell. The sole question therefore is as to whether the stairway was in good repair. The landlord owed the duty of reasonable inspection for reasonable safety. It is clear that the staircase itself had been put into reasonable repair but that the top landing was left untouched, although it was old and in bad repair. It is not unlikely that the rough boarding had been covered by linoleum or some similar covering at the time the stairs were renovated. This covering had been ripped off, perhaps by the vacating tenant, and the bad condition was bared at the time the plaintiff's family took possession and when the plaintiff fell. An examination of the heel of her shoe discloses that it went into a hole or space, and the sudden wrenching accounts for her being thrown. It is not unreasonable to hold that those chargeable with keeping premises in reasonably safe condition must have in mind the type of shoes that women wear. It is not unreasonable to hold that the landing at the top of the stairs should be a smooth, unbroken surface. It was not. It was this condition that caused plaintiff's fall.

Judgment is entered for the plaintiff to recover $750 damages.